*52 THIS was an action of covenant brought by Jewell on the following obligation. “Ninemonths after « date, I promise to pay Ewell Jewell, eighty one dollars and fifty cents, provided the said Jew;ell performs ‘a tour of six months duty under Captain R. Scho- * bee, and obtains for me a legal discharge for the a- * boye term. Given under my hand and seal this 9th * day of February, 1815.
Wm. THOMPSON, seaJj.”
The cause was tried, and decided by the circuit court against Jewell, on a demurrer to his declaration.
The declaration, fails to allege a performance of the six month’s tour of duty by Jewell; but it charges, that in pursuance of his undertaking, Jewell marched under Capt. Schobee to the place of rendezvous, was-mug„, tered in the service of the United States, and after comtinuing about 18 day s, was discharged, peace having been declared ; and that he obtained from his comman. ding officer a discharge for a tour of six months’ duty for said Thompson. The declaration moreover avers, that the said Jewell, though ready and willing to per. form the six months’ tour of duty, was prevented from doing so, by the declaration of peace, &c.
2. The sqle question for decision, in reviewing the Íut*§ment court below, is, as to the sufficiency of allegations contained in the declaration to author-, ise Jewell to recover on the obligation»..
*53 "We think they are not,according to the explicit Ianguage of the obligation. The amount stipulated for by Thompson, was not to be paid, unless Jewell should perform a six months’ tour of duty. The performance of such a tour, was, therefore, a condition precedent to the payment of the money, and according to well settled principles, should be avered in the declaration to entitle Jewell to an action on the obligation. There are, it is true, cases, where instead of actual per for manee of a precedent condition, matter in excuse l'01’ the non performance, has been considered sufficient to authorise a recovery. The excuse set out in the dec laration of Jewell, we think, however, is not ot that character. The condition in this case required,for its performance, the continued service of Jewell for six months ; and the doctrine is well settled, that, in such a case there can be no recovery without a complete ful fitment of the service. Thus, in 1 Sal. 65, an action of debt , was brought, and the plaintiff declared upon a writing, whereby the defendant’s testator had appoin. ted the plaintiff’s testator to receive his rents, and promised to pay him one hundred pounds per annum for his service, and shews that the defendant’s testa, tor died three quarters of a year after, during which time he served him, and demands 175 for the three quarters. The court of King’s bench held, that without a full year’s service, nothing could he due, and re versed the judgment which was taken by nil elicit against the defendant in the court of common pleas, So, where the master of a vessel gave his note, “ prom ising to pay a sailor thirty guineas, provided he pro seeds, continues, and does his duty in the vessel, from Jamaica to Liverpool,’’ it was held, that although the sailor proceeded on the voyage and continued to perform his duty until his death, yet, as he died before the arrival of the vessel at Liverpool, his administra, tor could not.recover, either on the contract, or on qúantum meruit. American Ed. Esp. JNis. 1 part 1 Vol. 267.
These cases both go on the principle, that under the contracts, the performance of the service was a con dition precedent to the payment of the money ; and inflexible is the rule which requires an entire prrfor. mauce of such a condition, that even death itself was field not to be a sufficient excuse for nat *54 the entire service, though part of the service had in fact been performed. A fortiori, therefore, cannot the circumstance of peace having been proclaimed, so excuse the non performance of the entire six months tour by Jewel!, as to authorise him to recover on the °bligation of Thompson.
The judgment against Jewel! on the drirnrer, was, therefore, correct, and must be affirmed with costs.