Judge Mills
delivered the Opinion of the Court
Stansberry, the plaintiff in error, to Morgan, the defendant, a writing to the following effect:
covenant sued upon,
Declaration-,
Pleas; de-™wrer; tri- and judgment for plaintiff,
Substance of SP®" verruled below.
“This shall oblige me, my heirs &c. to pay R. D. N. Morgan, five liundred dollars in specie, if he succeeds in a suit in chancery,, which I have this day employed him to bring against Polly Stansberry,, Mason Lunsford, George Beelor, William Stansberry and Elizabeth Stansberry- If said Morgan dont succeed in getting a decree in my favor I am to give him nothing. Given under my hand this 11th day of May, 1824.
Signed Ben. Stansberry.
On this writing, Morgan brought his action of covenant, and averred, “that he did bring a suit in chancery in the Bullitt circuit court, in the name of said defendant, against said Polly Stansberry, Mason Lunsford, George Beelor, William Stansberry, and Elizabeth Stansberry, and by decision of said court at their August term, 1825, obtained a decree in the said suit, against the persons aforesaid,” and then assigned as a breach in good form, the non-payment of the five hundred dollars.
To this declaration, sundry pleas were filed, on some of which issues of fact were made up; toothers there was a demurrer, and the demurrer sustained; the issues of fact were then tried, and a verdict rendered for the plantiff below, now defendant in error, and to the judgment rendered thereon, this writ of error is prosecuted.
We shall notice only one of the pleas, as it presents the questions on which this cause must essentially turn. It is the third plea in order, and states, in substance, that the suit contemplated in said writing declared on, was a suit to vacate and set aside sundry deeds for certain estate, conveyed by him, the defendant, to the persons mentioned in said writing declared on, and that the said writing was executed under the belief of the parties thereto, that said Elizabeth Stansberry, named at said time was alive, when at the time the said Elizabeth was dead, intestate and without issue, leaving the said defendant, her father, her heir and distributee, so that no suit could be, or was brought as to her, or decree obtained, to set aside said conveyance to her. This plea was held bad.
Amended declaration.
decision of fhe circuit 0DUfi“
B. s. qoven-succeeded in obtaining a decree for op-suiTa gainst p. s., M. L., G. B., w. s., S'” ancfmi-^1 known to the parties, EH-iab®,th interest, the main object Hgor: there" can be no re-bqvery on
The same fact is also set out in an amended declaration, in which the plaintiff excuses the performance of their precedent condition on his part, as to obtaining a decree against her, because at the time of executing the writing declared on, she was dead, and the estáte conveyed to her, which was to have been obtained by the contemplated decree, have descended to, and was vested in said defendant; a fact unknown to the parties at the execution of the covenant declared on.
By the demurrer to the plea recited, and also by the statement of the fact in the amended declaration, which was demurred to, the fact must be taken as true, that no decree was obtained by the plaintiff against the said Elizabeth, because she was dead at the execution of the covenant declared on, and that the court below decided, that notwithstanding it was impossible that a decree could be obtained against her, and the end of such decree was fully answered, by the estate which was to be recovered by the decree, having devolved on the defendant by inheritance, yet the plaintiff was entitled to recover the full amount of his demand. We think differently.
The plaintiff, under this state of fact, so far from being entitled to recover the amount of his demand, cou^ recover rateably, and was not entitled to recover on his contract at all. Each party was ignorant at the time, of the death of Elizabeth. Th@ act to be performed by the plaintiff, was a precedent condition, and the money was due from the defendant, only on his performance, which never happened. Whether, if the death of Elizabeth had been known- at the timé, to the defendant, and he hud concealed it, and thus had deluded the. plaintiff into the precedent condition which cbuld not he fulfilled, the plaintiff would have been excused worn the penonnance pro tanto; on his part, and could have averred it as an excuse, we need not en-quire, for no such case is presented. But it is evident that he cannot aver the ignorance of the parties of the fact, and the vestiture of tile estate in the cle-fendant by that event, rendering ail decrees against *309 her unnecessary, as an excuse. If the fact had been known at the time, and it had been understood that the purposes of a decree against her was already answered by her death, it is evident that the contract would have been different. No compensation would have been stipulated for obtaining a decree against her.
this contract for obtaining a decree against the other defendants— —Query, if obiigor had lcnown of Elizabeth’6 death, and concealed it.
Hard cases of covenants with conditions precedent.
That the service to be performed on the part of the plaintiff, was a precedent condition, there can be no doubt. That he must perform it, or show a good excuse for non-performance, is equally clear. That the unknown death of Elizabeth is not a good excuse, is also evident. Who run the risque of her being alive, and of her living until a decree was obtained against-her? Certainly he who stipulated that he would obtain the decree. In his stipulation, he provided for no contingencies of the kind, and not having done so he must run the risque.
There are cases of great hardship arising on the performance of precedent conditions, when the party on whom the condition lay, has gone great lengths and been at great trouble and expense in attempting to perform, and yet has lost all, by some event happening which prevented a complete performance, and was not allowed to recover. Such is the case of Jewell vs. Thompson, 2 Litt. 52, and the cases there cited, and courts owing to their apparent hardships, have leaned much, in some cases, towards relieving the strictness of the performance. But this is not a case of hardship. The plaintiff must have discovered at an early stage of the proceedings, that he could not proceed against Elizabeth, and therefore, might have stopped before he had been at much trouble, until he was secured by a new contract. As he did not do this, he must take the consequences. His case is not distinguishable in principle, from the case of Jewell vs. Thompson before cited.
The demurrer to the third plea pughl therefore, to have been sustained, and the second point in the declaration shows no cause of action.
The judgment must be reversed with costs, and the cause be remanded with directions to enter judg *310 ment for ibe defendant below, on demurrer, as tcf the second count, and also a final judgment, unless the plaintiff should obtain leave to reply to the third plea, traversing the death of Elizabeth Stans-berry, before any decree was obtained against her.
Crittenden, for plaintiff; Bmny, for defendant.